UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| AMERICAN RIVER TRANSPORTATION CO., LLC d/b/a ARTCO STEVEDORING<br><br>VERSUS<br><br>M/V CL ALICE, her engines, tackle, apparel, etc., *in rem* | CIVIL ACTION NO.: 19-973<br>Admiralty – Rule 9(h)<br><br>SECTION ___ \| DIVISION ___<br><br>JUDGE<br><br>MAGISTRATE |

## COMPLAINT

The Complaint of Plaintiff, American River Transportation Co. LLC d/b/a ARTCO Stevedoring ("ARTCO Stevedoring"), against Defendant, M/V CL ALICE, her engines, tackle, apparel, etc., *in rem*, in a cause of action under 46 U.S.C. § 31342 and Rule C of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, avers as follows:

1.

At all times hereinafter, Plaintiff, ARTCO Stevedoring, was and is now a limited liability company duly organized under the law of the State of Delaware with its principal place of business in the State of Illinois, doing business within the State of Louisiana.

2.

At all times hereinafter, Defendant, M/V CL ALICE (the "Vessel"), was and is now a bulk carrier bearing IMO No. 9691618 with an overall length of 198 meters, a breadth of 32 meters, and flying under the flag of Hong Kong. The vessel is or will be in the jurisdiction of the Southern District of Texas of Louisiana.

3.

This is a claim, *in rem*, under the maritime jurisdiction of the United States and this Honorable Court in accordance with 28 U.S.C. § 1333, Rule 9(h) of the Federal Rules of Civil Procedure, and Rule C of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

4.

ARTCO Stevedoring owns and operates a mid-stream buoy berth located at Mile 121 AHP, Lower Mississippi River in the jurisdiction of the United States District Court for the Eastern District of Louisiana. This berth provides dockage for ocean going vessels to load/unload cargo.

5.

On or about March 2, 2019, the Vessel entered the ARTCO Stevedoring berth in order to unload its cargo. Prior to entering the berth, the Master of the Vessel and the agent for the Vessel signed an Application for Berth Ocean Going Vessels ("Berth Application") on behalf of the Vessel and its owners/operators in which the Vessel and its owners/operators agreed to follow and comply with all rules and regulations of American River Transportation Co. LLC d/b/a ARTCO Stevedoring Published Ship Mooring & Associated Fees and Rules ("ARTCO Stevedoring Rules").

6.

In relevant part, the ARTCO Stevedoring Rules provide the following:

> The signed Application for Berth, when received by the facility or berth with delivery of other documents set out in this paragraph II. C, and/or the use of the facilities and services, and/or the mooring and/or anchoring of the vessel, shall constitute a contract between ARTCO STEVEDORING and the vessel and the User to abide by the rules and regulations of and to be jointly and severally liable for all charges of whatsoever kind or nature in this document and for any liabilities arising therefrom. All charges incurred by the vessel and Users, as set forth in this document, shall be the responsibility of and

>payable by the representative of the vessel and/or User that files the Application for Berth.
>
>…
>
>Vessel shall vacate the berth within three (3) hours of completion of cargo operations.  If the vessel refuses or fails to vacate the berth within three (3) hours after cargo operations are complete, ARTCO STEVEDORING shall be entitled to charge and recover as liquidated damages, the sum of $7,500.00 per hour for each hour or fraction thereof, regardless of any intervening circumstances of any nature, until the vessel sails from the berth.

7.

While in the berth, the Vessel incurred charges for several services, including but not limited to dockage services, launch boat services, tug services, and line handling services.

8.

The Vessel completed cargo operations on March 9, 2019 at approximately 0200 hours. However, the Vessel was unable to leave the berth until March 14, 2019 at approximately 1000 hours due to a mechanical issue with the Vessel's anchor/windlass.  Per the ARTCO Stevedoring Rules, the Vessel began incurring charges for its failure to vacate the berth starting at 0500 hours on March 9, 2019 and continued to incur such charges until it vacated the berth at 1000 hours on March 14, 2019, a total of 125 hours.

9.

The agreed upon charges for failure to vacate the berth is $7,500/hour, which for 125 hours is $937,500.

10.

ARTCO Stevedoring presented an invoice in the amount of $1,143,570.08 to the Vessel, which represents the balance due to ARTCO Stevedoring for all services provided to the Vessel at

the berth and the charges for the Vessel's failure to vacate. To date, the outstanding balance has not been paid.

11.

Pursuant to Berth Application and the ARTCO Stevedoring Rules, the Vessel is obligated to pay the fees for services provided to it in the berth and the charges for failure to vacate, together with court costs and expenses incurred by ARTCO Stevedoring. Moreover, ARTCO Stevedoring has a maritime lien against the Vessel, as the damages claimed herein arise from ARTCO Stevedoring's provision of necessaries to the Vessel pursuant to the Federal Maritime Lien Act, 46 U.S.C. § 31342 *et seq*.

12.

ARTCO Stevedoring has a maritime lien against the Vessel for the full amount of its claim, and is entitled to have the Vessel seized and sold, and further to have the charges paid in preference and priority to other claims.

13.

ARTCO Stevedoring filed suit against the Vessel bearing case no. 19-cv-02366 on March 15, 2019 in the United States District Court for the Eastern District of Louisiana while the Vessel was located within the Eastern District of Louisiana. An arrest warrant for the Vessel was issued by the Clerk of Court of the United States District Court for the Eastern District of Louisiana as ordered by the U.S. District Court Judge Carl Barbier on that same date, but the Vessel left the jurisdiction of the Eastern District of Louisiana before the U.S. Marshal could serve it with the arrest warrant. A copy of the Complaint, Verification, the Judge's Order for the issuance of the arrest warrant, and the arrest warrant are attached hereto as Exhibit 1.

WHEREFORE, ARTCO Stevedoring prays that:

1. A copy of the Verified Complaint be served upon the Vessel, *in rem*;

2. All persons claiming any right, title, or interest in the Vessel her engines, boilers, tackle, appurtenances, etc., be summoned to appear, file their claim, as owner, and to answer under oath all and singular the matters aforesaid, and that after due proceedings, said Vessel be condemned and sold to pay the demands aforesaid, with interest costs, and disbursements;

3. That the Court recognize a maritime lien against the Vessel, *in rem*, in favor of ARTCO Stevedoring for an amount in amount of $1,143,570.08, plus interest;

4. That a Warrant of Arrest be issued calling for the Vessel to be seized to satisfy Plaintiff's claim; and

5. That Judgment be entered in favor of ARTCO Stevedoring against the Vessel, *in rem*, at least in the amount of $1,143,570.08, together with all other amounts shown at trial including, but not limited to, interest and attorney's fees, and that this Judgment be recognized as a priority claim based upon the Federal Maritime Lien Act so that it is paid in preference and priority to all other claims of liens including any ship mortgage(s).

>Respectfully submitted,
>
>SALLEY, HITE, MERCER & RESOR, LLC
>
>/s/ David M. Flotte
>DAVID M. FLOTTE (TX Bar# 00792249)
>MARCELLE P. MOULEDOUX (TX Bar #24046492)
>365 Canal Street, Suite 1710
>New Orleans, LA 70130
>Tel.:     (504) 566-8800
>Fax:     (504) 566-8828
>E-mail:  dflotte@shmrlaw.com
>         mmouledoux@shmrlaw.com
>
>Counsel for Plaintiff,
>American River Transportation Co., LLC
>d/b/a ARTCO Stevedoring

**PLEASE SERVE AND ARREST:**

1. **M/V CL ALICE**, her engines, tackle, apparel, etc., *in rem,* with the Complaint and Verification.